# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA WILLIAMS,<br><br>                Plaintiff,<br><br>        v.<br><br>TACO BELL,<br><br>                Defendant. | Case No. 1:18-cv-01473-AWI-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

On October 25, 2018, Lana Williams ("Plaintiff") filed this personal injury action against Taco Bell. (ECF No. 1.) Currently before the Court is Plaintiff's complaint.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis

1

1 complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiff brings this action alleging fraud after she slipped and fell on the entry rug at Taco Bell.[1] Plaintiff states that Lisa Day, from PMA Insurance phoned her and is not responding to her contacts. Plaintiff further states that Taco Bell did not immediately fill out an accident

---

[1] Plaintiff's complaint alleges that the incident occurred on November 8, 2018. The Court assumes that the actual date of injury is November 8, 2017, which is the date on the Taco Bell Incident Report. (See ECF No. 1 at 3.)

2

report and their own doctor referral.

**A.     The Complaint Does Not Allege Facts to Confer Jurisdiction**

The civil cover sheet states that the basis for federal jurisdiction is federal question. (ECF No. 2.) Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or her "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's complaint alleges that she was injured in a slip and fall and that the insurance company is committing fraud by failing to respond to her calls and Defendant did not immediately fill out an accident report or refer her to their doctor. The claims raised do not arise under federal law, and therefore, there is no federal question jurisdiction.

District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

In order to plead a claim by virtue of diversity of citizenship, Plaintiff is required to plead the essential elements of diversity jurisdiction. Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987). Plaintiff has not set forth her citizenship. Further, the complaint alleges that Taco Bell is a limited liability company. A limited liability company is a citizen of every state of which its owners or members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff has not alleged any facts to demonstrate the citizenship of the defendant named in this action. Plaintiff has failed to allege facts to show that diversity jurisdiction exists in this action.

Where a plaintiff invokes federal court jurisdiction, an amount-in-controversy allegation is accepted as true where it appears to have been made in good faith. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014). In the Ninth Circuit, where it would appear that the sum claim is made in good faith, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Here, Plaintiff alleges that she is seeking five million dollars in this action, and alleges that she fell over a rug and has incurred expenses for her doctor, x-rays, and physical therapy. The Court finds that this is not a good faith allegation regarding the amount in controversy in this matter, and it is questionable whether the amount in controversy would be met considering that Plaintiff has only alleged that she has incurred limited medical bills due to her injury.

Although Plaintiff has failed to show that this Court has subject matter jurisdiction over the claims alleged, a pro se litigant's complaint should not be dismissed "without leave to amend 'unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.' " Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Plaintiff shall be granted an opportunity to file an amended complaint and the Court advises Plaintiff of the legal standards that would appear to apply to her claims.

**B.     Fraud**

Rule 9 of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

The elements of a fraud claim under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009); Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). Plaintiff's complaint merely alleges that the insurance company has failed to return her calls and that Taco Bell did not immediately fill out an accident report and their own doctor referral which is insufficient to plead fraud. Plaintiff's complaint does not meet the pleading standard of Rule 9.

### III.

### CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to allege facts to demonstrate that federal jurisdiction exists in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."

Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **October 30, 2018**

UNITED STATES MAGISTRATE JUDGE