|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| EASTERN DISTRICT OF CALIFORNIA | |
| LANA WILLIAMS, | Case No. 1:18-cv-01473-AWI-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| TACO BELL, | (ECF No. 6) |
| Defendant. | THIRTY DAY DEADLINE |

**I.**

**BACKGROUND**

On November 8, 2017, Lana Williams ("Plaintiff"), slipped and fell on an entry rug at Taco Bell. (Screening Order Granting Pl. Leave to File an Am. Compl. 1, ECF 1.) Plaintiff's claim is being handled by Lisa Day from PMA Insurance. (Id.)

Plaintiff, proceeding pro se and in forma pauperis, filed this personal injury action on October 25, 2018. (ECF No. 1.) On October 30, 2018, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2), and was it was determined that Plaintiff failed to plead subject matter jurisdiction over the matter. (ECF No. 5.) Plaintiff was provided with the legal standards that would appear to apply to her claim and was given thirty days in which to file an amended complaint. (Id.) On November 27, 2018, Plaintiff filed a first amended complaint. (ECF No. 6.)

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III.

## DISCUSSION

As Plaintiff advised in the October 30, 2018 screening order, federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Plaintiff's amended complaint is devoid of any allegations that would support federal jurisdiction in this matter.

### A. Federal Question Jurisdiction

Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)); Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

In her first amended complaint, Plaintiff contends that jurisdiction is based on a federal question. Plaintiff states that Taco Bell is a corporation over national franchises and that she is bringing this action for "fraud-disception [sic]-non-disclosure" and asks, "why is a national chain allowed to operate with no inspection no insurance liability[?]" (Am. Compl. 1.) Plaintiff also asks, "why was my accident of November 8, 2017, between 10 and 11 a.m. not corporate notified." (Id.)

For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or her "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff brings this action alleging fraud based on access violations, problems with the rug (holes, non-gripping, water), one entry door, food tampering, no inspections, and no medical doctors. (Am. Comp. 1.) Plaintiff alleges corporation misrepresentation of franchise and patrons. (Id. 2.) However, even if Plaintiff could state a claim for fraud, as Plaintiff was advised in the October 30, 2018 screening order, fraud is a state law claim. (ECF No. 5 at 5.)

Plaintiff also alleges a failure to respond. (Am. Compl. 2.) The complaint alleges that Lisa Day sent a letter on June 29, 2018, threatening Plaintiff if Plaintiff did not contact her. (Id.) Plaintiff left a message for Day on July 11, 2018, at 5:41 p.m. (Id.) Fernando, manager,

completed an accident report in February 2018. (Id.) Franchesca, assistant manager, gave a verbal accident report on November 8, 2017. (Id.) Plaintiff states it appears that this accident case has been stalled by the defendants. (Id.) None of these allegations plausibly raise a federal question. Based on the allegations in the original and first amended complaint, the basis of Plaintiff's complaint is that she was injured in a slip and fall and and is unhappy about the manner in which the franchise and the insurance company have handled her claim. Plaintiff's amended complaint does not establish that her claims arise under federal law nor does it implicate any significant federal issue. Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). For these reasons, federal question jurisdiction does not exist in this action.

### B. Diversity Jurisdiction

District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). In order to plead a claim by virtue of diversity of citizenship, Plaintiff is required to plead the essential elements of diversity jurisdiction. Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

The amended complaint states that Taco Bell is Hispanic and Plaintiff is a Caucasian and an American citizen. Diversity is based on the state of citizenship. 28 U.S.C. § 1332(a). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purpose of determining diversity of citizenship, an individual is deemed to be a citizen of the state in which he or she is domiciled. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter, 265 F.3d at 857. An individual's domicile is determined by "physical presence at a given location

and an intent to remain there indefinitely." Lew, 797 F.2d at 752. Plaintiff's allegation that she is an American citizen is insufficient to establish her citizenship for purposes of the diversity statute.

Where an action is brought against an entity, citizenship depends on the form of the entity. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Here, Plaintiff alleges that Taco Bell is a corporation. A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)); Johnson, 437 F.3d at 899. Plaintiff's complaint does not contain any factual allegations as to the citizenship of Taco Bell. To the extent that Plaintiff may be attempting to allege that Taco Bell is a citizen of a different country by stating it is "Hispanic", this is insufficient to allege citizenship. To be accepted as true, the allegations in the complaint must be plausible. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Plaintiff has failed to allege facts to demonstrate that diversity of citizenship exists in this action.

Where a plaintiff invokes federal court jurisdiction, an amount-in-controversy allegation is accepted as true where it appears to have been made in good faith. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014). In the Ninth Circuit, where it would appear that the sum claim is made in good faith, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As in her original complaint, Plaintiff is seeking five million dollars, plus pain and suffering, and punitive damages in this action. (Am. Compl. 2.) As the Court previously found, Plaintiff's original complaint alleged that she had incurred expenses for her doctor, x-rays, and physical therapy, finding her request for damages was "not a good faith allegation regarding the amount in controversy in this matter, and it is questionable whether the amount in controversy would be met considering that Plaintiff has only alleged that she has incurred limited medical bills due to her injury." (ECF No. 5 at 4.) Plaintiff's amended complaint does not contain any factual allegations regarding the injury that she sustained or the treatment that she received after her fall.

1 | Plaintiff has failed to correct the deficiencies in her complaint. As Plaintiff has not alleged that she incurred more than limited medical expenses due to her injury, the Court finds that the amount in controversy has not been met.

Plaintiff has failed to demonstrate that the Court has diversity jurisdiction over the claims in this action.

### C. State Law Claims

As Plaintiff was advised in the October 30, 2018 screening order, Rule 9 of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The elements of a fraud claim under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009); Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).

Plaintiff has failed to allege any facts that any defendant made a misrepresentation with the intent to defraud or that she justifiably relied on such representation and damage resulted. In order to meet the pleading requirement of Rule 9, Plaintiff is required to plead with specificity the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted). Here, Plaintiff has alleged an unspecified misrepresentation. (Am. Compl. 1.) The compliant is devoid of any factual allegations as to who made the representation, when it was made, what the representation was, how Plaintiff relied on it, or what damage was sustained due to the misrepresentation. The amended complaint does not contain any factual allegations to meet the pleading standard of Rule 9.

Plaintiff also appears to be attempting to bring a claim for failure to respond. (Am. Compl. 2.) Plaintiff alleges that Lisa Day of PMA Insurance sent her a letter threatening Plaintiff if she did not contact her and Plaintiff left a message on July 11, 2018. Plaintiff includes a phone number for Nancy and there was a written accident report by the manager Fernando in February 2018. (Id.) The complaint also alleges that assistant manager Franchesca

made a verbal accident report on November 2017. (Id.) The Madera Health Department and City of Madera Administration are also listed in the complaint, but there are no factual allegations as to these entities. (Id.) It is unclear from the complaint what the basis of Plaintiff's failure to respond claim would be. The amended complaint does not contain any factual allegations by which the Court can reasonably infer that there was a failure to respond. Plaintiff must plead sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

Finally, Plaintiff has set forth no legal basis for a claim based on any failure to respond and it is unclear what cause of action Plaintiff is attempting to assert. The failure to respond by and of itself is not a cause of action.

## III.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to allege facts to demonstrate that federal jurisdiction exists in this action. Plaintiff shall be granted **one final opportunity** to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

/ / /

7

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
2. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **November 29, 2018**

UNITED STATES MAGISTRATE JUDGE