# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA WILLIAMS, | Case No. 1:18-cv-01473-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR LACK OF JURISDICTION |
| v. | |
| TACO BELL, | (ECF No. 8) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## BACKGROUND

On November 8, 2017, Lana Williams ("Plaintiff"), slipped and fell on an entry rug at Taco Bell.[1]  (Screening Order Granting Pl. Leave to File an Am. Compl. 1, ECF 1.)  Plaintiff's claim is being handled by Lisa Day from PMA Insurance.  (Id.)

Plaintiff, proceeding pro se and in forma pauperis, filed this personal injury action on October 25, 2018.  (ECF No. 1.)  On October 30, 2018, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2), and was it was determined that Plaintiff failed to plead subject matter jurisdiction over the matter.  (ECF No. 5.)  Plaintiff was provided with the legal standards that would appear to apply to her claim and was given thirty days in which to file an

---

[1] The second amended complaint allegations are disjointed and difficult to understand.  Therefore, the Court uses the factual basis found in the original screening order.

amended complaint.  (Id.)

On November 27, 2018, Plaintiff filed a first amended complaint.  (ECF No. 6.) Plaintiff's first amended complaint was screened; and on November 30, 2018, an order issued finding that Plaintiff had failed to allege facts to demonstrate that federal jurisdiction existed in this action.  (ECF No. 7.)  Plaintiff was granted thirty days in which to file a second amended complaint.  (Id.)  On January 2, 2019, Plaintiff filed a second amended complaint.  (ECF No. 8.)

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III.

## DISCUSSION

As Plaintiff was advised in the prior screening orders, federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Plaintiff's second amended complaint continues to be devoid of any allegations that would support federal jurisdiction in this matter.

### A.    Federal Question Jurisdiction

Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)); Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

In her second amended complaint, Plaintiff states that federal question jurisdiction exists. She contends that Taco Bell is a corporation and the Supreme Court accepts cases for corporations. (Sec. Am. Compl. 1.) Plaintiff also asks "How and when will you enforce Taco Bell response. This is my federal question. Are they insured. Premiums paid." (Id.)

For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or her "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Based on the complaints filed in this action, Plaintiff slipped and fell on a rug at Taco Bell and her injury claim is being handled by Lisa Day of P.M.A. Insurance. (Sec. Am. Compl. 2.)

In her current complaint, Plaintiff alleges that the entry rug had holes and that an

1   employee had hosed down the entry door pavement.  (Id.)  However, none of these allegations

2   plausibly raise a federal question.  Based on the allegations in the original, first, and second

3   amended complaint, the basis of Plaintiff's complaint is that she was injured in a slip and fall and

4   and is unhappy about the manner in which the franchise and the insurance company have

5   handled her claim.  Plaintiff's amended complaint does not establish that her claims arise under

6   federal law nor does it implicate any significant federal issue.  Grable & Sons Metal Prod., Inc.

7   v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).  For these reasons, federal question

8   jurisdiction does not exist in this action.

9          **B.      Diversity Jurisdiction**

10          District courts also have original jurisdiction of all civil actions between citizens of

11  different States in which "the matter in controversy exceeds the sum or value of $75,000,

12  exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of

13  citizenship and the presence "of a single plaintiff from the same State as a single defendant

14  deprives the district court of original diversity jurisdiction over the entire action."  Abrego

15  Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

16  Plaintiff has been twice advised that in order to plead a claim by virtue of diversity of

17  citizenship, she must plead the essential elements of diversity jurisdiction.  Bautista v. Pan

18  American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

19          As Plaintiff has previously been advised, diversity is based on the state of citizenship.  28

20  U.S.C. § 1332(a).  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship,

21  not of residency."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the

22  purpose of determining diversity of citizenship, an individual is deemed to be a citizen of the

23  state in which he or she is domiciled.  Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  "A

24  person residing in a given state is not necessarily domiciled there, and thus is not necessarily a

25  citizen of that state."  Kanter, 265 F.3d at 857.  An individual's domicile is determined by

26  "physical presence at a given location and an intent to remain there indefinitely."  Lew, 797 F.2d

27  at 752.  Plaintiff has not alleged her citizenship.

28          Where an action is brought against an entity, citizenship depends on the form of the

entity.  <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).  Here, Plaintiff alleges that Taco Bell is a corporation and that she was injured at a franchise.  A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)); <u>Johnson</u>, 437 F.3d at 899.  Plaintiff's complaint does not contain any factual allegations as to the citizenship of Taco Bell nor does it contain any allegations regarding the franchise holder.  Plaintiff has failed to allege facts to demonstrate that diversity of citizenship exists in this action.

Further, where a plaintiff invokes federal court jurisdiction, an amount-in-controversy allegation is accepted as true where it appears to have been made in good faith.  <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547, 553 (2014).  In the Ninth Circuit, where it would appear that the sum claim is made in good faith, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  <u>Naffe v. Frey</u>, 789 F.3d 1030, 1040 (9th Cir. 2015); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  As in her original and first amended complaint, Plaintiff is seeking five million dollars, plus pain and suffering, and punitive damages in this action.  (Sec. Am. Compl. 2.)  Plaintiff's original complaint alleged that she had incurred expenses for her doctor, x-rays, and physical therapy, and the Court previously has found that her request for five million dollars in damages was "not a good faith allegation regarding the amount in controversy in this matter, and it is questionable whether the amount in controversy would be met considering that Plaintiff has only alleged that she has incurred limited medical bills due to her injury."  (ECF No. 5 at 4.)

Plaintiff's second amended complaint does not contain any factual allegations regarding the injury that she sustained or the treatment that she received after her fall.  Plaintiff has failed to correct the deficiencies in her previous complaints.  As Plaintiff has not alleged that she incurred more than limited medical expenses due to her injury, the Court finds that the amount in controversy has not been met.

Plaintiff has failed to demonstrate that the Court has diversity jurisdiction over the claims in this action.

**III.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff has not alleged any facts to demonstrate that this Court has subject matter jurisdiction over the claims raised in this action. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for lack of jurisdiction.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 4, 2019**__

UNITED STATES MAGISTRATE JUDGE